*172 OPINION.
Lansdon :
There are two questions involved in this proceeding. For convenience in treatment we shall consider them in reverse order from that in which they appear in the findings of fact, and dispose first of the claim for bad debts on account of money advanced to E. R. Washburn to aid the latter in the conduct of his business of manufacturing lasts at Franklinville, N. Y.
The record discloses that these advances were made between 1911 and 1920 with the intention that they should be repaid in last blocks, the product of the debtor’s business. No payments of any kind were made on this account in the year 1920. Petitioner’s president and manager visited the plant several times within the year, and became convinced that no collection could be made. The full amount of the debt, $5,190.74, was thereafter charged off the petitioner’s books on December 31, 1924, by an adjusting entry as of December 31, 1920. It appears that this account was carried on the books of the petitioner for nearly four years after its worthlessness is alleged to have been ascertained and finally charged off by a so-called correcting entry as of the close of the taxable year. In these circumstances, we are unable to find that the debt was ascertained to be worthless and charged off in 1920.
Petitioner advanced to the Mavis Company between July, 1919, and December 31, 1920, $64,816.94 for the use of the latter in erecting necessary buildings and purchasing necessary machinery and equipment for the production of last blocks. All this was used during the year 1920 for such purposes. This was petitioner’s 45 per cent of the whole amount used for these purposes during the year 1920. Mobbs & Lewis, Ltd., advanced its proportionate share of 55 per cent of the cost of such facilities. The petitioner claims that the full amount advanced by it was invested in plant facilities the useful life of which was limited to the five-year term of the timber-purchase *173 agreement, and that under the provisions of section 214 (a) (8) of the Revenue Act of 1918, it should be entitled to exhaust such investment ratably as deductions from its income for each of such five years.
The record does not disclose whether these so-called advances were payments for the stock of the Mavis Company issued to the petitioner, or loans to the Mavis Company on payment for a 45 per cent interest in the timber contract. The salvage value of the buildings and equipment at the end of the five-year term is not proved. We have no knowledge of whether the Mavis Company has been dissolved, or of the value of said company’s assets at date of dissolution or of the value of the petitioner’s interest therein. There is no testimony that all available raw material suitable for the manufacture of* last blocks was exhausted at December 31, 1920. From the evidence we are unable to determine whether there was any proportional satisfaction of these so-called advances by reason of any exhaustion of the life of the contract under which the Mavis Company was operating.
Reviewed by the Board.

Judgment wUl he entered for the respondent.